# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 17, 2024

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JACQUELINE BEJARANO, on behalf of M.F.B., | * * |
| Petitioner, | * * Special Master Young |
| v. | * No. 21-2224V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

*Paul Adrian Green,* Law Office of Paul Green, Pasadena, CA, for Petitioner.
*Camille Michelle Collett,* U.S. Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL DECISION**[1]

On November 29, 2021, Jacqueline Bejarano ("Petitioner"), on behalf of her minor son M.F.B., filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleged that as a result of receiving the Hepatitis B, Rotavirus, and PCV13 vaccinations on December 2, 2020, M.F.B. suffered epilepsy, seizures, and/or hemiplegia (left non-dominant side). *Id.* at 1–2. Petitioner alleged in the alternative that M.F.B.'s epilepsy, seizures, and/or hemiplegia were significantly aggravated by the vaccines that he received on December 2, 2020. *Id.*

On December 9, 2024, Petitioner filed an unopposed motion for a decision dismissing her petition. ECF No. 47. In her motion, Petitioner conceded that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that M.F.B. is entitled to compensation in the Vaccine Program." *Id.* at 1. She continued, "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

the Vaccine Program." *Id.* Petitioner acknowledged judgment will result against her and she intends to elect to reject judgment. *Id.* at 2. Petitioner understood she may file for attorneys' fees and costs once her case is dismissed and Respondent expressly reserved the right to question good faith and reasonable basis. *Id.* at 1–2. Respondent otherwise had no objection to Petitioner's motion for a decision dismissing her petition. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that M.F.B. suffered a "Table Injury." Further, the record does not contain persuasive evidence that M.F.B.'s alleged injuries were caused by or significantly aggravated by these vaccines.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

       IT IS SO ORDERED.

                                            <u>/s/ Herbrina D.S. Young</u>
                                            Herbrina D.S. Young
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.